UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ALVIN D. MACKLIN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:13-cv-0457-TWP-TAB |
| ROLLS-ROYCE CORPORATION, | ) ) ) |
| Defendant. | ) |

## ENTRY ON DEFENDANT'S PARTIAL MOTION TO DISMISS

The matter is before the Court on Rolls-Royce Corporation's ("Rolls-Royce") Partial Motion to Dismiss, requesting the Court dismiss Counts I, III, IV, and VI of the Complaint filed by Plaintiff, Alvin D. Macklin, ("Mr. Macklin"), pursuant to Federal Rule of Civil Procedure 12(b)(6). Mr. Macklin filed this lawsuit against his former employer, Rolls-Royce, for violations of Title VII of the 1964 Civil Rights Act ("Title VII"), 42 U.S.C. § § 2000e *et. seq.*, alleging they discriminated against him on the basis of his race (African-American), color (Black) and sex (male) and that he was subjected to a hostile work environment. For the reasons set forth below, Rolls-Royce's Partial Motion to Dismiss (Dkt. 9), is **GRANTED**.

### 1. BACKGROUND

For the purposes of a motion to dismiss, the Court must accept the complaint's well-pleaded allegations as true and draw all favorable inferences for the plaintiff. *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). Thus, the factual allegations as alleged in Mr. Macklin's Complaint are accepted as true.

Mr. Macklin, began working for Rolls-Royce on September 28, 2010 as a Custodian. As a Rolls-Royce employee, he met or exceeded all legitimate performance expectations. After Mr. Macklin signed up to work all of the available holiday shifts in 2011-2012, three of his

Caucasian, female co-workers complained of sexual harassment to Mr. Macklin's supervisors, without his knowledge.

On January 2, 2012, Mr. Macklin went to his manager's office, where he noticed on the desk, in plain sight, his name written on a note pad, with notes detailing the harassment complaint. When he inquired about the matter, he was told the complaint was a "confidential matter" and that as a "precaution" he was being suspended for the day with pay. Two days later, Mr. Macklin met with his manager, a human resources representative, and a union representative. He was informed that he was being charged with "violation of company confidential papers and stalking." Mr. Macklin denied all of the allegations brought against him, but at the end of the meeting, he was informed that he was being terminated for "sexual harassment" and "multiple shop violations." Mr. Macklin alleges that, by terminating him "without an investigation, and without regard for progressive discipline," Rolls-Royce discriminated against him because of his race, color, and sex. As a result of his termination, Mr. Macklin "suffered and continues to suffer harm, including but not limited to loss of wages and benefits, emotional distress, embarrassment, humiliation, and damage to his personal and professional reputation."

On January 11, 2012, Mr. Macklin filed a Complaint of Discrimination with the City of Indianapolis/Marion County Office of Equal Opportunity ("Office of Equal Opportunity") [1]. The Office of On December 20, 2012, he received a Final Order. On March 19, 2103 Mr. Macklin filed his Complaint in the district court. In Counts I, III, IV and VI, he alleges violations of Title VII.

---

[1] The City of Indianapolis/Marion County Office of Equal Opportunity is responsible for enforcing Marin County's Civil Rights Ordinance. *See* Chapter 581 of the Revised Code of the Consolidated City of Indianapolis/Marion County, Indiana.

## II. LEGAL STANDARD

When reviewing a 12(b)(6) motion, the Court takes all well-pleaded allegations in the complaint as true and draws all inferences in favor of the plaintiff. *Bielanski v. Cnty. of Kane*, 550 F.3d 632, 633 (7th Cir. 2008) (citations omitted). However, the allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citations omitted). To be facially *plausible*, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

## III. DISCUSSION

**A. Mr. Macklin failed to satisfy Title VII's requirement that a plaintiff exhaust his administrative remedies prior to filing suit.**

Before bringing suit under Title VII, a plaintiff must exhaust their administrative remedies by filing a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), or comparable cooperating state agency, within 300 days of the conduct complained of. *Salas v. Wisconsin Dept. of Corrections,* 493 F.3d 913, 921–22 (7th Cir. 2007). "Title VII does not authorize the filing of suit until the plaintiff has exhausted his administrative remedies, 42 U.S.C. § 2000e–16(c), which means not until he has received a right-to-sue letter from the EEOC, signifying that the EEOC will not provide him with any relief." *Hill v. Potter*, 352 F.3d 1142, 1145 (7th Cir. 2003). "Failure to file a timely charge with the EEOC precludes a

subsequent lawsuit under Title VII." *Salas v. Wisconsin Dep't of Corr.*, 493 F.3d 913, 921 (7th Cir. 2007).

Mr. Macklin admits that he did not file a charge of discrimination with the EEOC, and he does not claim to have received a right-to-sue letter from the EEOC. Thus, he has plainly failed to meet the statutory requirements, and a lawsuit under Title VII is precluded unless he can identify an exception to these requirements.

**B.     Mr. Macklin does not argue that the City of Indianapolis/Marion County Office of Equal Opportunity is a Fair Employment Practices Agency.**

Fair Employment Practices Agencies ("FEPA"), which are state agencies, are authorized to process a charge on the EEOC's behalf. 29 C.F.R. § 1601.70. However, the Office of Equal Opportunity is not a FEPA, and Mr. Macklin makes no argument that it is, that it should be considered to be, or that it qualifies as such under the regulations. Rather, Mr. Macklin argues that the Office of Equal Opportunity qualifies as a state agency for the purposes of 42 U.S.C. § 2000e-5 ("§ 2000e-5"). Thus, any argument that the Office of Equal Opportunity is a FEPA qualified to process a charge of discrimination on behalf of the EEOC is waived.

**C.     42 U.S.C. §2000e-5 does not excuse Mr. Macklin's failure to file any claim with the EEOC.**

Mr. Macklin argues that he satisfied his requirement to exhaust his administrative remedies by filing his complaint with the Office of Equal Opportunity. Mr. Macklin argues that because the Office of Equal Opportunity is "empowered . . . to carry out the public policy of the state . . . and the public policy of the city;" "has the power to investigate, conciliate, and hear complaints;" and "has the authority to issue cease and desist orders or orders requiring remedial action[,] order payment of actual damages[,] and institute actions for appropriate legal or equitable relief in a circuit or superior court," it qualifies as a local agency under § 2000e-5. However, Mr. Macklin never explains why he believes that § 2000e-5 excuses a failure to file a

claim with the EEOC when a claim has been filed with a state agency that qualifies under § 2000e-5. Even if Mr. Macklin is correct in his assertion that the Office of Equal Opportunity is so qualified, this does not excuse his failure to also file a charge with the EEOC.

Section 2000e-5(c) prohibits a claimant from filing a charge with the EEOC within sixty days of commencing an action before a state authority for the alleged unlawful employment practice.

> In the case of an alleged unlawful employment practice occurring in a State, or political subdivision of a State, which has a State or local law prohibiting the unlawful employment practice alleged and establishing or authorizing a State or local authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, no charge may be filed under subsection (a) of this section by the person aggrieved before the expiration of sixty days after proceedings have been commenced under the State or local law, unless such proceedings have been earlier terminated, provided that such sixty-day period shall be extended to one hundred and twenty days during the first year after the effective date of such State or local law.

§ 2000e-5(c). Mr. Macklin's complaint was filed with the Office of Equal Opportunity on January 11, 2012. For the purposes of this Entry, the Court assumes without deciding that the Office of Equal Opportunity satisfies § 2000e-5's requirements to qualify as a state agency. Thus, Mr. Macklin could not have filed a charge with the EEOC until March 12, 2012.

Further, if a claimant has instituted proceedings with a State or local agency, Section § 2000e-5(e) requires that a charge be filed with the EEOC within 300 days of the alleged unlawful employment practice, or within thirty days after receiving notice that the State or local agency has terminated the proceedings:

> A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred and notice of the charge (including the date, place and circumstances of the alleged unlawful employment practice) shall be served upon the person against whom such charge is made within ten days thereafter, except that in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, such charge shall be filed by or on behalf of the person

5

aggrieved within three hundred days after the alleged unlawful employment practice occurred, or within thirty days after receiving notice that the State or local agency has terminated the proceedings under the State or local law, whichever is earlier, and a copy of such charge shall be filed by the Commission with the State or local agency.

§ 2000e-5(e). Because the alleged discrimination against Mr. Macklin took place on January 4, 2012, 300 days had passed on October 30, 2012. The Equal Opportunity Advisory Board, which affirmed the Office of Equal Opportunity's Findings of Fact and Conclusion, issued its Final Order on December 20, 2012. Thus, accounting for the weekend, 30 days had passed from this Final Order on January 21, 2013.

Therefore, reading § 2000e-5 in the broadest possible way (and the way most favorable to Mr. Macklin), Mr. Macklin had until January 21, 2013 to file a charge with the EEOC. However, Mr. Macklin admits that he "did not file an EEOC charge at all." Dkt. 11 at 5. Nothing in § 2000e-5 excuses this failure.

**D.     Mr. Macklin is not entitled to equitable modification of the Title VII requirements.**

Finally, Mr. Macklin asks that the Court grant him equitable modification of Title VII's requirements and excuse his failure to file a claim with the EEOC, whether timely or not. Specifically, he points to *Francis v. City of New York*. 235 F.3d 763, 766 (2d Cir. 2000). However, the facts here are readily distinguished. In *Francis*, the plaintiff failed to exhaust his administrative remedies with respect to his Title VII claim and plaintiff litigated the Title VII claims through trial. Judgment was entered against defendant and in appeal, defendant raised for the first time that plaintiff failed to exhaust his Title VII administrative remedies. The Second Circuit held that "the City waived any defense based on defects in administrative exhaustion" due to a long delay in raising the argument. *Id*. at 767. Mr. Macklin makes no argument that Rolls-Royce has similarly waived this defense, and given that Rolls-Royce raised this argument as near the beginning of litigation as can be expected, such an argument would be without merit.

6

Indeed, Mr. Macklin does not point to any case law that suggests a plaintiff may be equitably excused from the requirements of Title VII where he fails to ever file a claim with the EEOC. In the absence of precedent, this Court declines to adopt Mr. Macklin's position. Thus, this argument fails.

## IV. <u>CONCLUSION</u>

With respect to his Title VII claims, Mr. Macklin failed to exhaust his administrative remedies and has therefore failed to state a claim upon which relief can be granted. Thus, Rolls-Royce's Partial Motion to Dismiss (Dkt. 9), is **GRANTED**, and Counts I, III, IV, and VI of Mr. Macklin's Complaint (Dkt. 1) are **DISMISSED with prejudice**.

**SO ORDERED**.

Date: 03/14/2014

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Peter T. Tschanz
BARNES & THORNBURG LLP
peter.tschanz@btlaw.com

R. Anthony Prather
BARNES & THORNBURG LLP
tony.prather@btlaw.com

Jay Meisenhelder
EMPLOYMENT AND CIVIL RIGHTS LEGAL SERVICES
jaymeisenhelder@gmail.com